IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANJELICA ALATORRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-21-01057-JD |
| | ) |
| OLE MEXICAN FOODS, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Defendant Ole Mexican Food's ("Ole") Motion to Dismiss ("Motion") [Doc. No. 14]. Ole seeks dismissal of Plaintiff Anjelica Alatorre's ("Alatorre") Amended Complaint [Doc. No. 12] under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Alatorre responded in opposition ("Response") [Doc. No. 15], and Ole replied [Doc. No. 16]. For the reasons stated below, the Court grants in part and denies in part the Motion.

**I.    BACKGROUND**

Alatorre worked for Ole as a driver from May 2019 to August 2019. She possessed the basic qualifications for this position. Shortly after she started, Alatorre's female supervisor, Diana Perez ("Perez"), began making sexual comments to Alatorre about her appearance. Perez tried to kiss and touch Alatorre in a sexual manner. On one occasion, Alatorre and Perez were in a vehicle together during a work trip, and Perez pulled into a rest area and parked the car. Perez claimed she thought there was an issue with one of the tires. When Perez and Alatorre got out, Perez grabbed Alatorre and kissed

her. The kiss was non-consensual. The day after, Alatorre reported the incident to the warehouse manager. Ole did not investigate or take any other action. Perez continued to make sexual advances toward Alatorre. Alatorre physically pushed her off several times.

Perez also made racist comments about Alatorre's significant other, who is a Black man, "including calling him a 'n****r.'" Am. Compl. ¶ 36. Perez made fun of his name and told Alatorre he was not welcome in the facility. Additionally, "on more than one occasion, Perez said that she hated 'n****rs.'" *Id.* ¶ 39. Alatorre also alleges that in July 2019, a male supervisor viewed and showed other employees pornography at work. That same day, a different male employee pinned her against a car and tried to kiss her. Alatorre struggled to push off the other employee. A warehouse supervisor approached and intervened. It is unclear whether this happened before or after work, or if it happened at the warehouse.

Alatorre alleges that because she opposed sexual and racial harassment, Ole retaliated against her by requiring her to work a 26-hour shift. Because Ole did not take any action to remedy the sexual or racial harassment, Alatorre resigned.

Alatorre maintains she exhausted her administrative remedies with the Equal Employment Opportunity Commission. She then filed this lawsuit.

## II.   LEGAL STANDARD

"Rule 12(b)(6) dismissal 'is appropriate if the complaint alone is legally insufficient to state a claim.'" *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1169 (10th Cir. 2023) (quoting *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104–05 (10th Cir. 2017)). In considering a motion to dismiss under Rule 12(b)(6), the

inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under this standard, the Court accepts the truth of the plaintiff's well-pled factual allegations and "view[s] them in the light most favorable to the plaintiff." *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

### III.  <u>ANALYSIS</u>

Alatorre brings several employment claims under Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 2000e, *et seq.* She also alleges a violation of 42 U.S.C. § 1981 for her race claims.

Under Title VII, it is "'an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Hernandez v. Valley View Hosp. Ass'n*, 684 F.3d 950, 957 (10th Cir. 2012) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

42 U.S.C. § 2000e–2(a) "prohibits discrimination on the basis of race, color, religion, sex, and national origin 'with respect to . . . compensation, terms, conditions, or privileges of employment,' and discriminatory practices that would 'deprive any

3

individual of employment opportunities or otherwise adversely affect his status as an employee.'" *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 173–74 (2011) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62 (2006)). This provision of Title VII is considered the "substantive antidiscrimination provision." *Id.* at 173. This provision is the basis for Alatorre's race and sex claims for discrimination and hostile work environment.

42 U.S.C. § 2000e–3(a) "prohibits an employer from 'discriminat[ing] against any of his employees' for engaging in protected conduct." *Thompson*, 562 U.S. at 174 (quoting *Burlington N.*, 548 U.S. at 62). This is considered "Title VII's antiretaliation provision." *Id.* This is the basis for Alatorre's race and sex claims for retaliation.

    **A.**    **Alatorre fails to sufficiently plead her claims for racial discrimination, harassment, and retaliation under Title VII and 42 U.S.C. § 1981.**

Alatorre asserts that "Ole Mexican Foods engaged in a pervasive pattern and practice of allowing race discrimination, harassment, and/or retaliation in the workplace, including against Alatorre." Am. Compl. ¶ 63. She maintains that her complaint asserts an associational discrimination claim based on race. Response at 12.[1]

    1.    <u>Alatorre's Racial Discrimination Claim</u>

To satisfy the elements of a claim for discrimination, "a plaintiff must establish that (1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) she qualified for the position at issue, and (4) she was treated less favorably than others not in the protected class." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192

---

[1] The Court uses ECF page numbering in this Order.

(10th Cir. 2012). Then, "[t]he burden [] shifts to the defendant to produce a legitimate, non-discriminatory reason for the adverse employment action." *Id.* "If the defendant does so, the burden then shifts back to the plaintiff to show that the plaintiff's protected status was a determinative factor in the employment decision or that the employer's explanation is pretext." *Id.*

When the plaintiff is not being discriminated against because of her race, she must "point to specific facts in the record to demonstrate that [her] company knew or should have known that [she] was harassed because of a reason that could be remedied under Title VII, namely, [her] association with minorities." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 655 (5th Cir. 2012). *See also Grillot v. Oklahoma ex rel. Univ. of Okla. Bd. of Regents*, No. CIV-19-241-J, 2021 WL 6101667, at *6 (W.D. Okla. July 29, 2021) (agreeing that someone can bring a Title VII claim "'not as a member of a racial minority, but rather as a person who advocates on behalf of women and minorities'" (quoting *Johnson v. University of Cincinnati*, 215 F.3d 561, 573 (6th Cir. 2000))); *Robinett v. First Nat'l Bank of Wichita*, No. CIV. A. 87-2561-S, 1989 WL 21158, at *2 (D. Kan. Feb. 1, 1989) ("Many courts have recognized a cause of action against an employer for discrimination due to one's association with minorities under Title VII . . . .").[2]

---

[2] The parties assume an associational discrimination theory by citing to other circuit and lower court decisions that are not binding on this Court. Because the Court concludes below that Alatorre has not stated a claim under this theory, it is not necessary for the Court to further analyze the legal status of the associational discrimination theory (in the context of Title VII) in the Tenth Circuit. In other words, like the parties, the

Here, Alatorre alleges discrimination not based on her race but on that of her significant other. However, she fails to state a claim because she does not allege sufficient facts to support a showing that she suffered adverse employment action because of her association with minorities. "A plaintiff must prove first that [s]he was discriminated against by h[er] employer to the point where a reasonable person in h[er] position would have felt compelled to resign" and that she in fact resigned. *Green v. Brennan*, 578 U.S. 547, 555 (2016). Although she alleges she was constructively discharged, the racially charged interactions she had with Perez, while disrespectful, do not plausibly show a reasonable person would have felt compelled to resign—particularly because, when describing the number of times such exchanges occurred, Alatorre uses conclusory language such as "on more than one occasion" so the Court does not have any reference point for the frequency of these interactions.

2. Alatorre's Racial Harassment/Hostile Work Environment Claim

For a hostile work environment claim, the plaintiff must allege facts that show "'the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,'" *Morris v. City of Colo. Springs*, 666 F.3d 654, 664 (10th Cir. 2012) (quoting *Hall v. U.S. Dep't of Labor*, 476 F.3d 847, 851 (10th Cir. 2007)), and that the victim "'was targeted for harassment because of [her] race or national origin.'" *Hernandez v. Valley View Hosp. Ass'n*, 684 F.3d 950, 957 (10th Cir.

---

Court assumes the theory applies without analyzing its viability under Title VII and binding caselaw.

6

2012) (quoting *Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 680 (10th Cir. 2007)). The plaintiff must show "a steady barrage of opprobrious racial comments," "[i]nstead of sporadic racial slurs." *Bolden v. PRC Inc.*, 43 F.3d 545, 551 (10th Cir. 1994).

Similar to her racial discrimination claim, Alatorre brings her claim for racial harassment based on association with her significant other who is a Black man. The facts that Alatorre alleges, although unfortunate, do not rise to the level of plausibly alleging a hostile work environment. She alleges that Perez made fun of her significant other's name and used racial slurs "on more than one occasion." Taking these statements as true, they still do not adequately state a hostile work environment claim because the allegations fail to show these statements were not sporadic racial slurs. To overcome the 12(b)(6) standard, Alatorre needed to allege facts that showed Perez's actions were severe, abusive, *and pervasive*. She has not. Accordingly, Alatorre has failed to sufficiently plead a claim for hostile work environment based on race.

### 3. Alatorre's Racial Retaliation Claim

"Title VII's anti-retaliation provision (the opposition clause) bars an employer from discriminating against an individual who has 'opposed any practice made an unlawful employment practice' by the statute." *Reznik v. inContact, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021) (quoting 42 U.S.C. § 2000e-3(a)). To state a claim, Alatorre must "plausibly allege '(1) that [s]he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action.'" *Id.* (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir.

7

2012)). A plaintiff "need not establish that the conduct she opposed actually violated Title VII, only that she had both a subjective good faith and objectively reasonable belief that it did." *Id.*

Here, Alatorre's retaliation claim based on race fails because she has not alleged facts showing that Ole took action against her that a reasonable employee would deem as materially adverse. Although she alleges that Ole "required her to take a 26-hour shift and unfairly disciplined" her, she does not give the Court any particulars regarding the length of a "normal" shift, the amount or length of other employees' shifts, or the nature of the unfair discipline she received. She has therefore failed to state a claim for retaliation based on race.

Because "the standards are the same" for showing a "violation of Title VII or 42 U.S.C. § 1981," Alatorre has similarly failed to successfully plead claims under § 1981. *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011).[3]

### B.   Alatorre sufficiently pleads her claims for sex discrimination and hostile work environment but not retaliation based on sex under Title VII.

Alatorre argues that she was treated less favorably than male employees who were not sexually harassed at work. She claims that Ole discriminated against her, which resulted in a hostile work environment and culminated in her constructive discharge.

---

[3] The Court construes Ole's request for dismissal of all claims on all theories to include Alatorre's § 1981 race claims because they rely on the same allegations and standards. *See* Motion at 8 (seeking dismissal of all race-related claims); *id.* at 20 (seeking dismissal of "all of Plaintiff's claims under all theories").

1. Alatorre's Sexual Discrimination Claim

The elements for sex discrimination are the same as race discrimination. Here, Alatorre has successfully alleged a claim for discrimination based on sex. First, as a woman, Alatorre is a member of a protected class. Second, she was sexually assaulted at least two or three times by a supervisor thereby showing that she was constructively discharged since a reasonable person in her position would have felt compelled to resign at this point (i.e., she has suffered an adverse employment action). Third, her complaint includes information that she was qualified for her position with Ole. Fourth, she alleges she was sexually harassed and that male employees were not. Thus, at this stage, Alatorre has successfully pled a claim for sexual discrimination for which Ole may be liable.

2. Alatorre's Sexual Harassment/Hostile Work Environment Claim

Alatorre can "make out 'a claim of sex discrimination based on a hostile work environment' if she can 'show (1) that she was discriminated against because of her sex; and (2) that the discrimination was sufficiently severe or pervasive such that it altered the terms or conditions of her employment and created an abusive working environment.'" *Morris v. City of Colo. Springs*, 666 F.3d 654, 663 (10th Cir. 2012) (quoting *Pinkerton v. Colo. Dep't of Transp.*, 563 F.3d 1052, 1058 (10th Cir. 2009)). "'[A] plaintiff must show that the environment was both objectively and subjectively hostile or abusive.'" *Id.* at 664 (quoting *Davis v. U.S. Postal Serv.*, 142 F.3d 1334, 1341 (10th Cir. 1998)). For this analysis, the Court considers the "'totality of the circumstances,' and . . . 'such factors as the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably

9

interferes with an employee's work performance.'" *Id.* (quoting *Chavez v. New Mexico*, 397 F.3d 826, 832–33 (10th Cir. 2005)). Sexual assault is "conduct that clearly could be objectively viewed as threatening and severe." *Id.* at 667 (citations omitted). "'A single sexual assault has a far greater potential to adversely alter the work environment, and with greater permanence, than would an offensive verbal remark, or a series of such remarks.'" *Id.* (quoting *Grozdanich v. Leisure Hills Health Ctr., Inc.*, 25 F. Supp. 2d 953, 970 (D. Minn. 1998)).

However, "workplace harassment is not 'automatically discrimination because of sex merely because the words used have sexual content or connotations.'" *Dick v. Phone Directories Co.*, 397 F.3d 1256, 1263 (10th Cir. 2005) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)). Conduct that "can be characterized as 'explicit or implicit proposals of sexual activity' will support a finding that the harasser was motivated by sexual desire." *Id.* at 1264 (quoting *Oncale*, 523 U.S. at 80) (explaining that this standard applies to both opposite-sex and same-sex harassers).

Here, Alatorre has pled facts sufficient to state a claim for hostile work environment based on sex. Perez made sexual comments about Alatorre's appearance, kissed Alatorre without her consent, and attempted to touch Alatorre sexually to the point that Alatorre had to push Perez off. These allegations support an inference that Perez's actions were motivated by sexual desire. They are also severe enough to demonstrate that the environment would subjectively and objectively be considered abusive. Alatorre's complaint is not entirely clear whether the incident with the male employee who pushed her against a car and tried to kiss her took place at work. However, given the severity of

Perez's alleged conduct, this is not dispositive of whether Alatorre has successfully pled a claim for relief. Although Alatorre does not enumerate how many of these encounters she had with Perez, she alleges with great detail one instance of sexual assault in addition to alleging that "Perez repeatedly made sexual advances toward Alatorre to the point that Alatorre had to prepare for it daily." Am. Compl. ¶ 32. Therefore, Alatorre has successfully pled a claim for hostile work environment based on sex for which Ole may be liable.

### 3. Alatorre's Sexual Retaliation Claim

Because the Court has already set forth the elements of retaliation above, it will not repeat them here. Alatorre's retaliation claim based on sex fails for the same reasons her retaliation claim based on race fails—she has not alleged facts showing that Ole took action against her that a reasonable employee would deem as materially adverse. Accordingly, she has failed to state a claim for retaliation based on sex.

## IV. CONCLUSION

For these reasons, the Court concludes that Alatorre has alleged enough facts to state claims for sexual discrimination and hostile work environment that are plausible on their face. However, the Court determines she has not done so for her sexual retaliation claim, or her racial discrimination, harassment/hostile work environment, and retaliation claims, and the Court dismisses those claims without prejudice. Consequently, the Court grants Ole's Motion to Dismiss [Doc. No. 14] in part and denies it in part.

IT IS SO ORDERED this 6th day of November 2023.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE